**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SADEEQ MUWAHID<br>103 N. 63rd Street, Unit 6<br>Philadelphia, PA 19139,<br><br>     Plaintiff,<br><br>     v.<br><br>HANWHA PHILLY SHIPYARD, INC.<br>2100 Kitty Hawk Avenue<br>Philadelphia, PA 19112,<br><br>     Defendant. | :<br>:<br>:<br>:<br>:   **CIVIL ACTION**<br>:<br>:   No. _____<br>:<br>:<br>:<br>:<br>:<br>:   **JURY TRIAL DEMANDED**<br>: |

**<u>CIVIL ACTION COMPLAINT</u>**

Sadeeq Muwahid (hereinafter referred to as "Plaintiff," unless indicated otherwise), by and through his undersigned counsel, hereby avers as follows:

**<u>INTRODUCTION</u>**

1.      Plaintiff has initiated this action to redress violations by Hanwha Philly Shipyard, Inc. (hereinafter referred to as "Defendant") of: (a) the Americans with Disabilities Act, as amended ("ADA" – 42 U.S.C. §§ 12101 *et seq.*); (b) the anti-retaliation provision of the False Claims Act ("FCA" – 31 U.S.C. § 3730(h)); and (c) Pennsylvania common law prohibiting the retaliatory discharge of an employee for the filing or pursuit of a workers' compensation claim.[1] Defendant unlawfully denied Plaintiff a reasonable accommodation, failed to engage in the interactive process, and terminated Plaintiff because of his disability, in retaliation for his request

---

[1] Plaintiff's claims under the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO") are referenced here for notice purposes only. Plaintiff is required to wait 1 full year from date of dual-filing with the EEOC to exhaust his administrative remedies on those claims. Plaintiff intends to file an Amended Complaint asserting PHRA and PFPO claims that will mirror identically his federal claims under the ADA.

for a reasonable accommodation, in retaliation for his complaints of Defendant's fraudulent billing of the United States Government, and in retaliation for his report of a work-related injury and pursuit of workers' compensation benefits. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2.      This Court, in accordance with 28 U.S.C. § 1331, has subject matter jurisdiction over Plaintiff's federal claims because this civil action arises under the laws of the United States, specifically the ADA and the False Claims Act.

3.      This Court has supplemental jurisdiction over Plaintiff's Pennsylvania common-law claim pursuant to 28 U.S.C. § 1367(a) because that claim is so related to Plaintiff's federal claims that it forms part of the same case or controversy and arises out of a common nucleus of operative fact.

4.      This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

5.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant resides in this judicial district and because all or a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

6.      Plaintiff has exhausted his administrative remedies with respect to his claims under the ADA. Plaintiff timely filed a Charge of discrimination and retaliation with the EEOC, dual-

2

filed with the PCHR, and timely filed the instant Complaint within ninety (90) days of his receipt of a notice of right to sue from the EEOC.

## PARTIES

7.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8.     Plaintiff is an adult individual residing at the address set forth in the caption above.

9.     Defendant Hanwha Philly Shipyard, Inc. (formerly known as "Philadelphia Shipyard, Inc.") is a commercial shipyard engaged in shipbuilding through commercial and governmental contracts, with a place of business located at the above-captioned address.

10.     At all times relevant herein, Defendant met the definition of an "employer" and a "covered entity" under the ADA, as it employed well in excess of the requisite statutory threshold of employees and was engaged in an industry affecting commerce.

11.     At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

12.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13.     Plaintiff was employed by Defendant for approximately seven (7) months until his unlawful termination (discussed further *infra*) on or about April 4, 2025.

14.     Plaintiff was employed by Defendant as a Production Supervisor (sometimes referred to as an Operations Supervisor).

3

15. During Plaintiff's employment, the relevant members of Defendant's human resources and management personnel included, but were not limited to: (a) Stephen Lalumera ("Lalumera" – Production Manager); (b) Sandra Galasso ("Galasso" – Employee & Labor Relations Supervisor); and (c) Alyson Picione ("Picione" – Talent Acquisition Supervisor).

16. Throughout his employment, Plaintiff was a hard-working employee who performed his job well and without issue.

17. At all relevant times during his employment, Plaintiff worked on a shipbuilding project commissioned and paid for by the United States Federal Government.

18. At all times relevant herein, Plaintiff suffered from serious neurological conditions, including a Traumatic Brain Injury ("TBI") and the residual effects of a concussion/head injury, which at times caused Plaintiff to experience debilitating migraines, dizziness, and difficulty concentrating.

19. Plaintiff has been under the care of Dr. Enam and the Traumatic Brain Injury Neurology team at the University of Pennsylvania Health System since on or about December 11, 2024, for management of his condition.

20. Plaintiff's conditions constitute a disability within the meaning of the ADA because they substantially limit one or more of Plaintiff's major life activities, including but not limited to neurological and brain function and the ability to concentrate.

21. At all times relevant herein, Plaintiff also had a record of such impairment and/or was regarded by Defendant as having such an impairment.

22. Notwithstanding his condition, Plaintiff was at all times a qualified individual with a disability who was able to perform the essential functions of his position, with or without a reasonable accommodation.

4

23. By in or about February of 2025, Plaintiff was supervising both the Large Panel Line and the Double Bottom Line, two separate departments, reflecting the substantial responsibilities Defendant had entrusted to him.

24. During his employment, Plaintiff raised concerns with his foreman and his manager regarding what he believed to be unfair and unequal workplace practices in his department, including communication issues with a coworker, Keith Russell ("Russell").

25. Plaintiff believed that, after he raised these concerns, Defendant subjected him to retaliatory treatment, including placing Plaintiff under Russell's supervision and reassigning Plaintiff to the second shift with an increased workload.

26. In the months leading up to his termination, Plaintiff became aware that Defendant was engaged in the fraudulent billing of its clients, including the United States Government, in connection with Defendant's shipbuilding contracts.

27. Specifically, Defendant's management was adding charges and billing for: (a) work that was not performed; and (b) work mischaracterized under labor categories such as "welding," when in fact the employees in question were performing only cleaning or other lower-cost tasks.

28. Upon information and belief, Defendant engaged in such fraudulent billing in an effort to maintain its revenue stream while it endured substantial delays in receiving materials, such as steel, from its supplier(s).

29. On or about March 3, 2025, Plaintiff sent a written email to Galasso and Defendant's Human Resources department in which he: (a) requested a transfer to a different department within the shipyard; (b) reported that he believed he was being subjected to retaliatory actions for the complaints he had previously raised; and (c) reported that he had been instructed

by Defendant's management to improperly charge workers' time, which Plaintiff stated was against his personal integrity and, he believed, against Defendant's policy.

30.     That same day, on or about March 3, 2025, Galasso acknowledged Plaintiff's transfer request in writing and advised Plaintiff that she was looking into the matter, and a meeting was held regarding Plaintiff's concerns.

31.     On the March 3, 2025, occasion and on numerous other occasions, both verbally and in writing, Plaintiff objected to and complained of Defendant's billing practices, expressly characterizing them as "overbilling," "illegal billing," and "fraudulent billing," and stating that he would not be a part of such conduct.

32.     Plaintiff's complaints constituted lawful acts undertaken in furtherance of stopping one or more violations of the False Claims Act, including Defendant's submission of false or fraudulent claims for payment to the United States Government.

33.     After Plaintiff expressed these concerns, Defendant began treating Plaintiff in an antagonistic manner, making the terms and conditions of his employment more challenging and difficult.

34.     On or about March 7, 2025, Plaintiff reported a work-related injury to his ankle that he sustained in the course and scope of his employment with Defendant.

35.     In an email on March 7, 2025, Galasso acknowledged Plaintiff's reported work injury and specifically directed him to "go to Concentra for a post-injury physical, from an incident that occurred on 3/7/25 during your shift."

36.     Defendant subsequently placed Plaintiff in a light duty position while sending him for follow up evaluation by Concentra.

37.    By reporting his work-related injury, Plaintiff initiated and/or pursued a claim for benefits under the Pennsylvania Workers' Compensation Act.

38.    Prior to on or about March 26, 2025, Plaintiff had informed both Galasso and Lalumera that he suffered from neurological problems, a TBI, and debilitating migraines and other complications at times.

39.    Plaintiff further provided Galasso with a medical note from his treating Neurologist confirming his condition and advising that, while Plaintiff was medically cleared to return to work, he would benefit from certain accommodations:

> To Whom It May Concern:
>
> Sadeeq Muwahid has been under the care of Dr. Enam and the Traumatic Brain Injury (TBI) Neurology team  at The University of Pennsylvania Health System since 12/11/24 for management of his concussion/head injury.
>
> The patient is medically cleared to return to work, but would benefit from the following accommodations:
> - Limit excess exposure to external stimuli including loud noises, bright lights, etc.
> - Frequent rest breaks during shifts
> - Limit lifting weights > 100 lbs
>
> Please do not hesitate to contact our office with any questions or concerns.

40.    On or about March 26, 2025, Plaintiff sent an email to Galasso requesting a leave of absence until his health improved, which he anticipated would require approximately two (2) to four (4) weeks of leave to alleviate the substantial dizziness, concentration difficulties, and migraines associated with an intermittent flareup of his condition.

41.    Plaintiff's requested medical leave of absence was intended to be only 2-4 weeks.

42.     Plaintiff had worked for approximately seven (7) months without any need for medical time off, demonstrating that such flareups are infrequent.

43.     A medical leave of absence of finite duration is a well-recognized form of reasonable accommodation under the ADA.[2]

44.     Plaintiff's request for a medical leave of absence triggered Defendant's obligation to engage in a good-faith interactive process to identify a reasonable accommodation. Defendant failed to engage in any such interactive process with Plaintiff.

45.     Despite having requested medical leave, Plaintiff continued working on a full-time basis pending the approval of his leave so that he could thereafter take the requested medical leave to address his flareup.

46.     Rather than engaging in the interactive process or granting Plaintiff's requested accommodation, Defendant, by and through Galasso, issued Plaintiff a termination letter dated April 3, 2025, advising Plaintiff that his employment would terminate effective April 4, 2025.

47.     In the termination letter, Galesso specifically referenced Plaintiff's request for a medical leave of absence, stating:

> In response to your request for a leave of absence, as we have previously related, you do not qualify for Family Medical Leave. Due to business and performance related reasons, we are not in a position to grant you a personal leave of absence. Therefore, your employment with Hanwha Philly Shipyard will terminate end of day Friday, April 4, 2025. If you choose to resign instead, your resignation will be accepted prior to the close of business on Friday, April 4, 2025.

48.     Defendant's characterization of Plaintiff's request as one for a "personal leave of absence" was inaccurate. Plaintiff had requested a medical leave of absence as an accommodation

---

[2] *See Conoshenti v. Pub. Serv. Elec. & Gas Co.*, 364 F.3d 135, 151 (3d Cir. 2004) (recognizing that a leave of absence may constitute a reasonable accommodation under the ADA where it would enable the employee to perform the essential functions of the job in the near future).

for his disabilities, and Plaintiff's entitlement to a reasonable accommodation under the ADA was independent of, and not contingent upon, his eligibility for leave under the FMLA.

49.     Plaintiff declined to resign and reiterated his need for a relatively short medical leave of absence. Plaintiff was nonetheless terminated effective April 4, 2025.

50.     Defendant's stated reasons for Plaintiff's termination are false and pretextual, as evidenced by, among other things, Defendant's recent decision to entrust Plaintiff with substantial supervisory responsibilities only weeks before his termination.

51.     Plaintiff's complaints of fraudulent billing, including his written report of March 3, 2025, his report of a work-related injury on or about March 7, 2025, his pursuit of workers' compensation benefits, and his request for a reasonable accommodation each occurred within approximately one month before Defendant terminated his employment.

52.     Plaintiff believes and therefore avers that his disability, his request for a reasonable accommodation, his report of a work-related injury and pursuit of workers' compensation benefits, and his complaints of fraudulent billing of the United States Government were each substantial motivating and/or determinative factors in Defendant's decision to terminate his employment.

**COUNT I**
**<u>Violations of the Americans with Disabilities Act, as amended ("ADA")</u>**
*([1] Disability Discrimination; [2] Failure to Accommodate; and [3] Retaliation)*

53.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

54.     At all times relevant herein, Plaintiff was a qualified individual with a disability within the meaning of the ADA, in that he had a physical and/or mental impairment that substantially limited one or more major life activities, had a record of such impairment, and/or was regarded by Defendant as having such an impairment.

9

55.     At all times relevant herein, Plaintiff was able to perform the essential functions of his position, with or without a reasonable accommodation.

56.     Plaintiff requested a reasonable accommodation for his disability in the form of a finite medical leave of absence.

57.     Defendant failed to engage in the interactive process and failed to provide Plaintiff with a reasonable accommodation, despite the availability of a reasonable accommodation that would not have imposed an undue hardship on Defendant.

58.     Plaintiff's request for a reasonable accommodation constituted protected activity under the ADA.

59.     Defendant discriminated against Plaintiff because of his actual or perceived disability, failed to accommodate his disability, and retaliated against him for requesting a reasonable accommodation, by, among other things, refusing to engage in the interactive process, denying his request for a reasonable accommodation, and terminating his employment.

60.     Defendant's proffered reasons for its actions are pretextual.

61.     Plaintiff believes and therefore avers that his disability and/or his request for a reasonable accommodation were motivating and/or determinative factors in Defendant's decision to terminate his employment.

62.     These actions as aforesaid constitute unlawful discrimination, failure to accommodate, and retaliation under the ADA.

63.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages as set forth herein.

10

**COUNT II**
**Violations of the False Claims Act ("FCA" – 31 U.S.C. § 3730(h))**
*(Whistleblower Retaliation)*

64.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

65.     Plaintiff engaged in protected activity within the meaning of 31 U.S.C. § 3730(h) by objecting to and complaining of Defendant's fraudulent billing of the United States Government, and by refusing to participate in such conduct, in furtherance of efforts to stop one or more violations of the False Claims Act.[3]

66.     Defendant was aware of Plaintiff's protected activity, as Plaintiff complained of Defendant's fraudulent billing practices numerous times, both verbally and in writing via email, to Defendant's management.

67.     Defendant retaliated against Plaintiff because of his protected activity by, among other things, subjecting him to antagonistic treatment and ultimately terminating his employment.

68.     Plaintiff's protected activity was a but-for and/or substantial motivating cause of Defendant's decision to terminate his employment.

69.     Defendant's proffered reasons for its actions are pretextual.

70.     These actions as aforesaid constitute unlawful retaliation in violation of 31 U.S.C. § 3730(h).

71.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages and is entitled to all relief available under 31 U.S.C. § 3730(h)(2), including reinstatement, two times the amount of back pay, interest on the back pay, and compensation for

---

[3] *See DiFiore v. CSL Behring, LLC*, 879 F.3d 71, 75 (3d Cir. 2018) (setting forth the elements of a retaliation claim under the anti-retaliation provision of the False Claims Act, 31 U.S.C. § 3730(h)).

any special damages sustained as a result of the retaliation, including litigation costs and reasonable attorneys' fees.

## COUNT III
### Wrongful Discharge in Violation of Pennsylvania Public Policy
*(Workers' Compensation Retaliation)*

72.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

73.     At all times relevant herein, Plaintiff was an at-will employee of Defendant.

74.     On or about March 7, 2025, Plaintiff reported a work-related injury and thereby filed and/or pursued a claim for benefits under the Pennsylvania Workers' Compensation Act.

75.     Pennsylvania law recognizes a cause of action for the wrongful discharge of an at-will employee in retaliation for the filing or pursuit of a workers' compensation claim, because such a discharge violates the clear mandate of public policy of the Commonwealth of Pennsylvania.[4]

76.     Defendant terminated Plaintiff's employment in retaliation for his report of a work-related injury and his filing and/or pursuit of workers' compensation benefits.

77.     Plaintiff's report of a work-related injury and his filing and/or pursuit of workers' compensation benefits were substantial motivating and/or determinative factors in Defendant's decision to terminate his employment.

78.     Defendant's proffered reasons for its actions are pretextual.

79.     Defendant's termination of Plaintiff's employment constitutes wrongful discharge in violation of the public policy of the Commonwealth of Pennsylvania.

---

[4]*See Shick v. Shirey*, 552 Pa. 590, 716 A.2d 1231 (1998) (recognizing a common-law cause of action for the wrongful discharge of an at-will employee in retaliation for filing a workers' compensation claim, as a violation of the public policy of the Commonwealth of Pennsylvania).

12

80.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages, including but not limited to lost wages and benefits, emotional distress, and other harm, and is entitled to compensatory and punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

C.     Defendant is to compensate Plaintiff pursuant to 31 U.S.C. § 3730(h)(2) on Plaintiff's claim under the False Claims Act, including reinstatement, two times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the retaliation, including litigation costs and reasonable attorneys' fees;

D.     Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

E.     Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate (including, but not limited to, damages for emotional distress, pain, suffering, and humiliation);

F.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law; and

G.      Plaintiff is to be granted a trial by jury as to all issues so triable.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: June 26, 2026

14

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Sadeeq Muwahid | : | CIVIL ACTION |
| v. | : | |
| Hanwha Philly Shipyard, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
  and Human Services denying plaintiff Social Security Benefits.    (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
  exposure to asbestos.    (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
  commonly referred to as complex and that need special or intense management by
  the court. (See reverse side of this form for a detailed explanation of special
  management cases.)    (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (x )

| 6/26/2026 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction:  <u>Defendants place of business</u>

---

***RELATED CASE IF ANY:***   Case Number:_____    Judge:_____

1.  Does this case involve property included in an earlier numbered suit?                                    Yes ☐

2.  Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3.  Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4.  Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐

5.  Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.     Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

A.  *Federal Question Cases:*

- ☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2.  FELA
- ☐ 3.  Jones Act-Personal Injury
- ☐ 4.  Antitrust
- ☐ 5.  Wage and Hour Class Action/Collective Action
- ☐ 6.  Patent
- ☐ 7.  Copyright/Trademark
- ☐ 8.  Employment
- ☐ 9.  Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief  **\*see certification below\***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

B.  *Diversity Jurisdiction Cases:*

- ☐ 1.  Insurance Contract and Other Contracts
- ☐ 2.  Airplane Personal Injury
- ☐ 3.  Assault, Defamation
- ☐ 4.  Marine Personal Injury
- ☐ 5.  Motor Vehicle Personal Injury
- ☐ 6.  Other Personal Injury *(Please specify)*:_____
- ☐ 7.  Products Liability
- ☐ 8.  All Other Diversity Cases:  *(Please specify)*_____
  _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

MUWAHID, SADEEQ

**DEFENDANTS**

HANWHA PHILLY SHIPYARD, INC.

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**          **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane     ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product       Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability     ☐ 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &       Pharmaceutical | | | ☐ 430 Banks and Banking |
| & Enforcement of Judgment | Slander       Personal Injury | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'       Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | Liability     ☐ 368 Asbestos Personal | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 470 Racketeer Influenced and |
| Student Loans | ☐ 340 Marine       Injury Product | | | Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product       Liability | | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | Liability     **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | (15 USC 1681 or 1692) |
| of Veteran's Benefits | ☐ 350 Motor Vehicle     ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle     ☐ 371 Truth in Lending | | | Protection Act |
| ☐ 190 Other Contract | Product Liability     ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal       Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | Injury     ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | Exchange |
| | ☐ 362 Personal Injury -       Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | Medical Malpractice | Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 441 Voting     ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment     ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/       Sentence | | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability | Accommodations     ☐ 530 General | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 290 All Other Real Property | ☒ 445 Amer. w/Disabilities -   ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Agency Decision |
| | mployment   **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer. w/Disabilities -   ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | State Statutes |
| | Other     ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education     ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101), FCA (31USC3730)

Brief description of cause:
Violations of the ADA, FCA and PA Common Law.

**VII. REQUESTED IN COMPLAINT:**    ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

**VIII. RELATED CASE(S) IF ANY**    *(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE    6/26/2026    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____    AMOUNT_____    APPLYING IFP_____    JUDGE_____    MAG. JUDGE_____